IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| TODD CARLTON SMITH #74848 | : | |
|     Plaintiff | : | |
|     v. | : | CIVIL ACTION NO. PJM-10-1891 |
| WILLIAM L. CUMMINGS, et al., | : | |
|     Defendants | | |

**MEMORANDUM OPINION**

Pending is a pro se action filed by Todd Carlton Smith, presently incarcerated at the El Dorado Correctional Facility in El Dorado, Kansas. Smith does not delineate the jurisdictional basis for his lawsuit. Liberal interpretation of the pleading, however, leads to the conclusion that he seeks to compel the Social Security Administration, headquartered in Maryland, to provide him the address, place of employment, and social security number for former Kansas correctional employee Steven Lafrinere. For the purpose of preliminary review, Smith shall be granted leave to file in forma pauperis, and his action shall be construed as a hybrid request for mandamus relief directed to the Social Security Administration and, alternatively, a request from that agency filed pursuant to the Freedom of Information Act ("FOIA").

Smith seeks the information in the hope of executing a lien or garnishing wages to satisfy a money judgment he obtained against Lafrinere.[1] Title 28 U.S.C. § 1361 confers "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States to perform a duty owed to the plaintiff." Mandamus is a drastic remedy and should only be used in extraordinary circumstances. *See Kerr v. United States Dist. Court,* 426 U.S. 394, 402 (1976); *In re Beard,* 811 F.2d 818, 826 (4th Cir.1987). The conditions necessary for issuance of a writ of mandamus against federal officials are clear. Petitioner must show that: he has the clear and indisputable legal right to the relief sought; Respondent has a legal duty to do

---

[1] It is not apparent why Kansas Department of Correction official William L. Cummings is named a party to this action.

the particular act requested; the act requested is an official act or duty; there are no other adequate means to attain the relief he seeks; and the issuance of the writ will effect right and justice in the circumstances. *See Kerr*, 426 U.S. at 403. The failure to show any of these prerequisites defeats a district court's jurisdiction under 28 U.S.C. § 1361.[2] *See National Association of Government Employees v. Federal Labor Relations Authority*, 830 F. Supp. 889, 898 (E.D. Va. 1993). Smith has shown none of these prerequisites.[3]

The FOIA, 5 U.S.C. § 522, provides a mechanism for citizens to obtain documents from federal agencies, and grants the federal district courts jurisdiction to review agency compliance with citizens' requests. Under the FOIA, federal agencies are required upon request to promptly make available records where the request reasonably describes the records requested and is made in accordance with published rules. *See* 5 U.S.C. §552(a)(3)(A). Records which are properly requested must be provided in any form or format requested by the person if it is readily reproducible in that form. *See* 5 U.S.C. §552(a)(3)(B). The purpose of FOIA is to open government agency action to public scrutiny. *See NLRB v. Sears, Roebuck & Co.,* 421 U.S. 132, 149 (1975). The FOIA establishes certain exemptions from disclosure which must be narrowly construed to accommodate the goal of public disclosure of agency records. *See Department of Air Force v. Rose,* 425 U.S. 352, 361 (1976).

Exhaustion of administrative remedies is required before seeking judicial review under

---

[2] In addition, mandamus cannot be used to compel the performance of discretionary duties of federal government officers; mandamus will lie only to compel ministerial acts. *See Shoshone-Bannock Tribes v. Reno*, 56 F.3d 1476, 1480 (D.C. Cir. 1995); *First Fed. Sav. & Loan Ass'n. v. Baker*, 860 F.2d 135, 138 (4th Cir. 1988).

[3] The Court expresses no opinion as to whether an incarcerated individual could in fact obtain the information Smith seeks from the Social Security Administration, but notes that the Privacy Act, which generally prohibits a federal agency from disclosing a record contained in a system of records without the consent of the individual to whom the record pertains, applies to executive departments, military departments, and independent regulatory agencies. See generally 5 U.S.C. §552a (b).

FOIA so that the agency has an opportunity to exercise its discretion and expertise on the matter and to create a factual record to support a decision regarding the request. *See McCarty v. United States,* 395 U.S. 185 (1969). There is no indication that Smith has attempted exhaustion under the FOIA or, if he has filed a claim with the agency, that a disclosure decision has been made by the agency. Thus, there is no directive from the agency that is "adjudicatory in nature" and an FOIA claim is, therefore, not subject to judicial review. *See Acumenics Research & Technology v. United States Department of Justice*, 843 F. 2d 800, 804 (4th Cir. 1988).

      The action shall be dismissed without prejudice. A separate Order follows.

July 22, 2010

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE